UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WADE CRUTCHFIELD, ET AL.                                CIVIL ACTION

VERSUS                                                  NUMBER: 17-08562

CITY OF NEW ORLEANS, ET AL.                             SECTION: "I"(5)

**ORDER AND REASONS**

Before the Court is Plaintiffs' "Motion for Expedited Discovery" (rec. doc. 29), along with Plaintiffs' "Ex Parte Motion for Status Conference with Magistrate Judge Regarding Discovery," (rec. doc. 30), which requests that the "Court set a telephone status conference regarding discovery before Magistrate Judge North, at the Court's earliest convenience." (*Id.*). Plaintiffs did not file a motion for expedited hearing. Defendants filed an opposition to the motion for expedited discovery. (Rec. doc. 35).

The Court granted the Motion for Status Conference and also set the Motion for Expedited Discovery for submission on November 15, 2017 as a matter of course. Having received Defendants' opposition memorandum before the status conference, however, the Court converted that conference to an expedited hearing on Plaintiffs' Motion for Expedited Discovery.[1]

As a threshold matter, the Court notes that, while denominated a "Motion for Expedited Discovery," the underlying motion is actually a motion to compel brought under Rule 37 of the Federal Rules of Civil Procedure, as it seeks to have this Court compel Defendants to respond to specific requests for production by a date certain. (Rec. doc. 29-

---
[1] Participating were Roy Rodney, John Etter and Adam Swensek.

2).  As such, counsel for the Plaintiffs was required by the very text of the Rule to "include a certification that the movant has, in good faith, conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  **Fed. R. Civ. P.**  37(a)(1).

No such certification was included with Plaintiffs' motion.  The reason for this became clear to the Court upon review of the motion papers and the Defendants' opposition memorandum and was confirmed to the Court's satisfaction during the telephonic hearing, during which counsel for Plaintiffs confirmed that, while he had requested a date for a Rule 26(f) conference from Defendants' counsel, he did not wait for a response to that request before firing off his motion to compel.  As such, the motion was filed in violation of Rule 37 both because the required certification was missing and because Plaintiffs' counsel did not make a meaningful and good-faith effort to resolve the matter "without court action," as required by that Rule.  For that reason alone the motion should be denied.

Aside from the technical deficiency of the present motion is the fact that it is ill-founded at this time.  Plaintiffs' motion seeks expedited discovery.  Although the Federal Rules do not provide a standard to be employed by the Court in exercising its authority to order expedited discovery, it is generally accepted that courts use one of the following two standards to determine whether a party is entitled to conduct such discovery: (1) the preliminary-injunction-style analysis set out in *Notaro v. Koch,* 95 F.R.D. 403 (S.D.N.Y. 1982); or (2) the "good cause" standard, which has been used interchangeably with the "reasonableness" standard, as articulated in *St. Louis Group, Inc., v. Metals and Additives Corp., Inc., et al.,* 275 F.R.D. 236, 239 (S.D. Tex. 2011).  *See BKGTH Prods., LLC v. Does 1-20,* No. 13-CV-5310, 2013 WL 5507297 at *4 (E.D. La. Sept. 30, 2013).

The Fifth Circuit has yet to adopt one of these standards definitively, but several district courts within the Circuit have expressly employed the "good cause" standard when addressing the question whether to authorize early discovery. *See, e.g., BKGTH Prods.*, 2013 WL 5507297 at *4 (citing *St. Louis Group*, 275 F.R.D. at 239-40)("[w]ithout any binding authority to the contrary, and in light of the fact that a majority of courts have adopted the 'good cause' standard, this Court believes that a showing of good cause should be made to justify an order authorizing discovery prior to the Rule 26(f) conference"); *see also El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.*, 344 F.Supp.2d 986, 991 (S.D. Tex. 2004); *Paul v. Aviva Life and Annuity Co.,* No. 09-CV-1490, 2009 WL 3815949 at *1 (N.D. Tex. Nov. 12, 2009); *Rodale, Inc. v. U.S. Preventive Med., Inc.,* No. 08-CV-120, 2008 WL 4682043 at *1 (E.D. Tex. Oct. 21, 2008); *U.S. Commodity Futures Trading Comm'n v. M25 Inv., Inc.*, No. 09-CV-1831, 2009 WL 3740627 at *1 (N.D. Tex. Sept. 29, 2009); *Philip Morris USA, Inc. v. Tin's, Inc.*, No. 03-CV-306, 2003 WL 22331256 at *1 (M.D. La. Apr. 23, 2003).

"Expedited discovery is not the norm." *St. Louis Group*, 275 F.R.D. at 240. The burden of showing good cause is on the party seeking the discovery, *see Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003), and the proposed discovery must be narrowly tailored in scope to seek only necessary information. *St. Louis Group,* 275 F.R.D. at 240; *see also Monsanto Co. v. Woods,* 250 F.R.D. 411, 413 (E.D. Mo. 2008)(citing *Irish Lesbian & Gay Org. v. Giuliani,* 918 F.Supp. 728, 730–31 (S.D.N.Y. 1996))("[C]ourts generally deny motions for expedited discovery when the movant's discovery requests are overly broad.").

In their motion and during the telephonic hearing, Plaintiffs failed to demonstrate good cause for accelerating discovery in this case. Notably, there is a motion to dismiss now

pending in the case that attacks the sufficiency of the Plaintiffs' Complaint – not the facts underlying that Complaint. (Rec. doc. 27). Plaintiffs have failed to prove (or even explain) why there is good cause in this case to accelerate the discovery schedule, particularly in light of the pending motion to dismiss. *See BKGTH Prods.*, 2013 WL 5507297 at *4.

Moreover, the majority of the Plaintiffs' requests for production are grossly overbroad. Viewed as a whole, the 52 separate enumerated requests would, at a minimum, require the Defendants to locate and gather every document pertaining in almost any way to any matter on the Defendants' judgment list (some 684 cases spanning over 20 years), including every email, correspondence and communication concerning the judgments and/or settlements of those matters. Were these requests not overwhelming enough, Plaintiffs' include a "catchall" request for "any other documents, communications or electronically stored information which is related to the subject matter of this litigation, *but was not specifically referenced in any of the prior requests for production numbers 1 through 51.*" (Rec. doc. 29-4 at 14).[2]

The Court advised counsel for Plaintiffs during the telephonic hearing (and reiterates here) that, if and when the case proceeds to a point where formal discovery is permitted, the 52 previously propounded requests for production should be withdrawn and re-drafted and should be much more narrowly tailored to the issue or issues in the case, pending the outcome of the motion to dismiss.

---

[2] It really should go without saying that a request that seeks "Everything we didn't ask for but should have" is improper.

For the reasons set forth above, the Plaintiffs' Motion for Expedited Discovery is denied. The case will proceed as contemplated by the Federal Rules of Civil Procedure.

New Orleans, Louisiana, this  25th  day of                October                , 2017.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

MJSTAR (0:20)